EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Louis Estrada Ramos | 2013 TSPR 74<br><br>188 DPR ____ |

Número del Caso: AB-2012-36


Fecha: 19 de abril de 2013


Materia: Conducta Profesional – Suspensión será efectiva el 27 de junio de 2013, fecha en que se le notificó al abogado por correo certificado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Louis Estrada Ramos                    AB-2012-0036

PER CURIAM

En San Juan, Puerto Rico, a 19 de abril de 2013.

Una vez más nos vemos precisados a suspender a un miembro de la profesión por incumplir con la Regla 9(j) del Reglamento del Tribunal Supremo de 2011, 4 L.P.R.A. Ap. XXI-B, que le exige a todo abogado actualizar sus datos personales en el Registro Único de Abogados y Abogadas de Puerto Rico. Por tal razón, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Louis Estrada Ramos.

I

Este proceso disciplinario comenzó el 31 de enero de 2012 cuando el Sr. Juan E. Pagán Nazario presentó ante este Tribunal una queja contra el licenciado Estrada.

Allí arguyó que le urgía obtener ciertos documentos que estaban en poder del abogado, pero que sus esfuerzos para contactarlo –personalmente y por vía telefónica- resultaron infructuosos.

Subsiguientemente, el 15 de febrero de 2012 la Subsecretaria de este Tribunal le cursó una misiva al licenciado Estrada concediéndole un término de 10 días para que contestara la queja. Esa notificación fue remitida a la dirección postal del abogado, según consta en el Registro Único de Abogados y Abogadas de Puerto Rico. Ahora bien, surge del expediente que esa correspondencia fue devuelta por el servicio postal por la siguiente razón: "Attempted, not known". Ante el fallido intento de notificarle la queja al letrado, el 2 de marzo la funcionaria le cursó otra notificación a esa misma dirección, la cual fue igualmente devuelta por el correo.

Así las cosas, el 8 de mayo de 2012 emitimos una resolución ordenándole al licenciado Estrada a que en un término final de cinco días compareciera y contestara la queja. También, se le apercibió que no cumplir con ello podría conllevar sanciones severas incluyendo la suspensión del ejercicio de la profesión. Dado a los percances que ya relatamos, ordenamos que el dictamen se le notificara personalmente al letrado.

Conforme a lo dispuesto, el 24 de mayo de 2012 el Alguacil de este Tribunal se dirigió a la residencia del licenciado Estrada —a la dirección que consta en el expediente personal del abogado— para diligenciar el mandamiento. No obstante, el 20 de junio de 2012 nos devolvió el diligenciamiento negativo. Informó que al llegar a la residencia un vecino le manifestó que el licenciado Estrada se había mudado de allí hace aproximadamente 8 años y que desconocía detalle alguno sobre su paradero. Más adelante, el 10 de enero de 2013 el Alguacil acudió nuevamente a la residencia del letrado, gestión que generó iguales resultados. Ese mismo día se dirigió a su despacho legal, donde tampoco pudo localizarlo. Por tanto, el 25 de febrero de 2013 devolvió, por segunda ocasión, el diligenciamiento negativo.

Ante los eventos ocurridos, procedemos a disponer de este asunto, no sin antes examinar los preceptos éticos que rigen esta situación.

II

A

Es conocido que cuando un abogado incumple con los deberes que le impone la ley, el ordenamiento ético y con las órdenes emitidas por los tribunales se expone a la imposición de sanciones disciplinarias. Esto cobra mayor relevancia durante los procesos disciplinarios que se ventilan en el

Tribunal Supremo de Puerto Rico y se espera que en estos los miembros de la profesión actúen en perfecta concordancia con los preceptos éticos que se recogen en el Código de Ética Profesional. In re Buono Colón, 2012 T.S.P.R. 177, 187 D.P.R. ___ (2012), res. el 28 de noviembre de 2012; In re Asencio Márquez, 183 D.P.R. 647, 663 (2011); In re Borges Lebrón, 170 D.P.R. Ap. (2010). Así, hemos reseñado que la obligación de atender con "diligencia y escrupulosidad" las órdenes que emita este Tribunal es más patente durante los procesos disciplinarios. In re Montes Díaz, 184 D.P.R. 90, 93-94 (2011). Por ello, hemos reiterado que el incumplimiento con esa obligación es altamente reprochable y puede acarrear la imposición de sanciones disciplinarias severas, incluyendo la suspensión inmediata de la profesión. Íd.

Al respecto, el Canon 9, 4 L.P.R.A. Ap. IX, dispone que todo abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto. Al ser así, cuando los abogados no cumplen con las órdenes de este Tribunal demuestran menosprecio hacia nuestra autoridad, infringiendo las disposiciones de ese precepto ético. In re García Ortiz, 2013 T.S.P.R. 5, 187 D.P.R.____ (2013), res. el 11 de diciembre de 2012; In re Fidalgo Córdova, 183 D.P.R. 217 (2011); En ese sentido, recientemente expresamos que:

[e]ste Tribunal no flaqueará en suspender a los togados que demuestren un reiterado incumplimiento con los términos

finales y perentorios impuestos para cumplir con nuestras órdenes. El hecho de que esta Curia esté en disposición de conceder prórrogas para lograr el cumplimiento con nuestras órdenes, en aras de corregir deficiencias al ejercicio de la profesión legal, no impide nuestra función disciplinaria. Tampoco exonera al letrado de las consecuencias de las violaciones éticas en que incurra ante nuestro Foro. Bajo ningún concepto este Tribunal está vedado de auscultar si procede la suspensión de un miembro de nuestra profesión ante un trámite que demuestra un cúmulo de acciones dirigidas a dilatar y entorpecer los procedimientos en contravención al Canon 9, supra. In re Asencio Márquez, supra, pág. 664.

En atención a ello, hemos enunciado que "**[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. Implica indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, particularmente hacia este Foro**". (Énfasis nuestro). In re Escalona Colón, 149 D.P.R. 900, 901 (2000).

B

En este caso los intentos de notificarle al licenciado Estrada la queja que presentó el señor Pagán Nazario han resultado infructuosos debido a que las direcciones físicas y postales que constan en el Registro Único de Abogados y Abogadas de Puerto Rico y en su expediente personal no están actualizadas. En relación a esto, la Regla 9 (j) del Reglamento del Tribunal Supremo de 2011, supra, establece que **todo abogado tiene la obligación de mantener actualizados los datos e información que constan en el Registro Único de**

**Abogados y Abogadas de Puerto Rico.** A ese tenor, es ineludible que los abogados y abogadas notifiquen sobre cualquier cambio en los números de teléfono de oficina y personales, el número de fax, dirección postal personal y de oficina, dirección física de oficina y residencia, localización de la oficina notarial (si la tiene), la dirección seleccionada por el abogado o la abogada para recibir las notificaciones y su dirección electrónica. Íd.

La naturaleza de la profesión de la abogacía y la confianza pública depositada en quienes la ejercen requieren que los miembros de la profesión togada cumplan con el mínimo deber de informar cualquier cambio de dirección. Esto tiene el propósito de que el Tribunal Supremo de Puerto Rico pueda desplegar eficazmente su responsabilidad de velar que los abogados cumplan fielmente con sus compromisos profesionales. In re Sanabria Ortiz, 156 D.P.R. 345, 348-349 (2002). La omisión de mantener informado a este Tribunal respecto a los datos mencionados obstaculiza sustancialmente la canalización adecuada del ejercicio de nuestra jurisdicción disciplinaria en casos de las quejas que presentan los ciudadanos. Íd. Véase también, In re Soto Colón, 155 D.P.R. 623 (2001). Así por ejemplo, hemos afirmado que es intolerable que un abogado abandone nuestra jurisdicción sin informar su futura dirección, burlando así los procedimientos disciplinarios pendientes en su contra. In re Figueroa Abreu, 130 D.P.R.

504, 505 (1992). Por tanto, incumplir con el deber de notificar la información de contacto, ha sido y es causa suficiente para decretar la separación indefinida del ejercicio de la profesión. In re Sanabria Ortiz, supra, pág. 349.

III

En el presente caso el licenciado Estrada no ha comparecido a contestar la queja que presentó el señor Pagán Nazario. Todos los intentos de este Tribunal para notificarle sobre la misma han resultado fallidos: la correspondencia ha sido devuelta en varias ocasiones y cuando el Alguacil se personó a la oficina y residencia del letrado advino en conocimiento de que este se había mudado del lugar tiempo atrás. Asimismo, antes de presentar su queja, el quejoso aduce que intentó contactar al licenciado Estrada llamándolo a su número telefónico y visitándolo a su oficina legal, ninguna de estas gestiones le rindió resultados.

Es oportuno recalcar la importancia que reviste la obligación de todo abogado de mantener actualizada su información de contacto. Continuamente se reciben en la secretaría de este Tribunal quejas presentadas por ciudadanos que alegan que sus abogados han incurrido en conductas antiéticas y que no han protegido adecuadamente sus intereses. Otros, como en el caso que nos ocupa, acuden ante la situación de que no pueden dar con el paradero del abogado

a quien le confiaron la tramitación de su causa. Esto es un asunto que no se debe tomar livianamente. El hecho de que un abogado omita actualizar sus datos de dirección postal y física se convierte en un escollo al momento de ejercer nuestra jurisdicción disciplinaria, lo que repercute en los intereses de los ciudadanos afectados por el comportamiento –alegadamente antiético- del letrado. Se hace imposible proseguir el trámite dispuesto en la Regla 14 del Reglamento del Tribunal Supremo para atender las quejas contra los abogados y notarios si estos evaden nuestra jurisdicción disciplinaria al no informar donde pueden ser contactados.

Se desprende claramente del expediente que el licenciado Estrada falló en actualizar ante este Tribunal su dirección postal, residencial y de oficina, según dispone la Regla 9(j) del Reglamento del Tribunal Supremo, supra. Es evidente que los datos que constan en su expediente no corresponden a los actuales. Tal incumplimiento ha incidido negativamente sobre el trámite de la queja presentada por el ciudadano Juan E. Pagán Nazario, afectando así este procedimiento disciplinario. Como consecuencia de ello, el letrado tampoco ha comparecido a contestar la queja, según le fue requerido mediante dos misivas que le envió la Subsecretaria de este Tribunal y mediante la Resolución que emitimos el 8 de mayo de 2012, lo que constituye también una violación al Cánon 9, supra.

IV

Por los fundamentos que anteceden, concluimos que el Lcdo. Louis Estrada Ramos infringió el Canon 9 del Código de Ética Profesional, _supra_, al provocar dilaciones injustificadas en el presente proceso disciplinario. Además, incumplió con el deber establecido en la Regla 9(j) del Reglamento de este foro judicial. Por ello, lo suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

En vista de lo anterior, le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión _Per Curiam_ y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Estrada Ramos y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

Louis Estrada Ramos                    AB-2012-0036


SENTENCIA


En San Juan, Puerto Rico, a 19 de abril de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría del Lcdo. Louis Estrada Ramos por incumplir con Regla 9(j) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XX1-B, y con su deber de responder oportunamente a los requerimientos de este foro.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del Sr. Louis Estrada Ramos y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado Estrella Martínez no intervinieron.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo