EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Ángel D. López López<br>José E. Arrarás Mir<br>Agnes D. Martínez Colón<br>Juan Capestany Rodríguez | 2016 TSPR 122<br><br>195 DPR \_\_\_\_ |

Número del Caso: TS-10,354
              TS-6,242
              TS-13,539
              TS-4,065


Fecha: 28 de abril de 2016


Oficina de Inspección de Notarías

        Lcdo. Manuel E. Ávila De Jesús
        Director

Programa de Educación Jurídica Continua

        Hon. Geisa M. Marrero Martínez
        Directora Ejecutiva



Materia: Conducta Profesional –

**TS-10,354**

La suspensión será efectiva el **23 de mayo de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata.

**TS-6,242**
La suspensión será efectiva el **11 de mayo de 2016,** fecha en que se le notificó a la abogado de su suspensión inmediata

**TS-13,539**
La suspensión será efectiva el **6 de mayo de 2016,** fecha en que se le notificó a la abogada de su suspensión inmediata

**TS-4,065**
**Con posterioridad a emitir y notificar la opinión y sentencia, el Tribunal advino en conocimiento de que el Lcdo. Juan Capestany Rodríguez había fallecido.**


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:* | | |
| Ángel D. López López | **Núm.** TS-10,354 | |
| José E. Arrarás Mir | **Núm.** TS-6,242 | |
| Agnes D. Martínez Colón | **Núm.** TS-13,539 | |
| Juan Capestany Rodríguez | **Núm.** TS-4,065 | |

*PER CURIAM*

San Juan, Puerto Rico, a 28 de abril de 2016

Nuevamente, nos compete ejercer nuestra jurisdicción disciplinaria para ordenar la suspensión inmediata e indefinida de varios miembros de la profesión legal por su reiterado incumplimiento con los requerimientos del Programa de Educación Jurídica Continua (PEJC).

## I

### A. TS-10354

El Lcdo. Ángel D. López López fue admitido al ejercicio de la abogacía el 19 de enero de 1993 y al ejercicio de la notaría el 3 de marzo de 1993. El 6 de noviembre de 2015, la entonces Directora del PEJC, la Hon. Geisa M. Marrero Martínez (Directora), presentó ante este Tribunal un *Informe sobre incumplimiento con requisito de educación jurídica continua*. En éste, detalló los esfuerzos realizados por el PEJC para asegurar el

cumplimiento del licenciado López López con los requisitos que dispone el Reglamento de Educación Jurídica Continua durante el periodo del 1 de septiembre de 2009 al 31 de agosto de 2011. La Directora relató que, en aras de asegurar el cumplimiento del licenciado López López, el PEJC le envió a éste las notificaciones y citaciones correspondientes y le concedió varias oportunidades para cumplir tardíamente con los requisitos y pagar la multa correspondiente.[1]

Según se relata en el *Informe sobre incumplimiento*, el licenciado López López recibió una citación para una vista informal a celebrarse el 30 de mayo de 2014. El licenciado compareció a la vista por escrito, expresando que, por razón de dificultades económicas y problemas de salud de su cónyuge, se le había hecho imposible cumplir con los requisitos del PEJC. Además, indicó que se encontraba en Estados Unidos en busca de tratamiento médico adecuado para su esposa. Por último, informó que estaba interesado en cumplir con los requisitos del PEJC.

Así las cosas, el PEJC le concedió un término final de treinta (30) días para subsanar las deficiencias del periodo de incumplimiento. Asimismo, se le advirtió que incumplir con la prórroga concedida conllevaría que su caso

---

[1] Según informa la Directora, el licenciado López López incumplió y no pagó la multa por cumplimiento tardío, según dispone la Regla 30 del Reglamento de Educación Jurídica Continua.

fuese referido a este Tribunal.[2] De otra parte, y dado que la dirección del licenciado López López había cambiado, se le enviaron los documentos para tramitar tal cambio y cumplir con lo dispuesto en la Regla 9 (j) del Reglamento del Tribunal Supremo. 4 L.P.R.A. Ap. XX1-B, R. 9 (j). Posteriormente, el caso del licenciado López López fue referido a la Junta de Educación Jurídica Continua y, luego de que ésta le concediera una última oportunidad para cumplir, su caso fue referido a este Tribunal.

Evaluado el *Informe sobre incumplimiento* presentado, el 30 de noviembre de 2015, emitimos una resolución mediante la cual le concedimos al licenciado López López un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua. Al día de hoy, el licenciado López López no ha comparecido.

### B. TS-6242

El Lcdo. José E. Arrarás Mir fue admitido al ejercicio de la abogacía el 20 de abril de 1979 y al ejercicio de la notaría el 25 de mayo de 1979.[3] El 1 de octubre de 2015, la ex Directora del PEJC presentó ante este Tribunal un *Informe sobre incumplimiento con requisito de educación*

---

[2] Resulta preciso destacar que el licenciado López López también incumplió con los requisitos correspondientes al periodo del 1 de septiembre de 2011 al 31 de agosto de 2013.

[3] El licenciado Arrarás Mir cesó la práctica de la notaría el 20 de octubre de 1983 por falta de pago de la fianza notarial.

*jurídica continua* para el periodo del 1 de septiembre de 2007 al 31 de agosto de 2009. En éste, se informó que, el 7 de octubre de 2009, se le envió al licenciado Arrarás Mir un *Aviso de incumplimiento* mediante el cual se le concedió un término de sesenta (60) días para tomar los cursos de educación jurídica continua y pagar la multa por cumplimiento tardío. El licenciado Arrarás Mir incumplió con tal término y no pagó la multa.

El 13 de octubre de 2011, el PEJC envió al licenciado Arrarás Mir una citación para una vista informal, a la cual éste compareció. En ésta, sostuvo que había incumplido con los requisitos de educación jurídica puesto que fungía como Comisionado de Deporte de la Liga Interuniversitaria por los pasados diez (10) años. Adujo, también, que desde el año 2007, no había comparecido ante tribunales ni tenido clientes. No obstante, informó que se había desempeñado como asesor legislativo a partir de 2009. Finalmente, solicitó un término para cumplir con los requerimientos del PEJC, para lo cual se le otorgó un término de setenta (70) días en la vista informal.

En vista de que el licenciado Arrarás Mir incumplió con el término que le fue concedido, el 25 de abril de 2013, el PEJC le concedió un término adicional de treinta (30) días. Asimismo, le otorgó un término de sesenta (60) días para cumplir con los requisitos correspondientes al periodo del 1 de septiembre de 2009 al 31 de agosto de

2011.[4] El licenciado Arrarás Mir incumplió con ambos términos. Ante su reiterado incumplimiento, y los múltiples apercibimientos que le fueron cursados, el caso del licenciado fue referido a la Junta, organismo que encomendó a la Directora la presentación del *Informe* que nos ocupa. Recibido el *Informe*, el 30 de octubre de 2015, emitimos una resolución mediante la cual le concedimos al licenciado Arrarás Mir un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido de la profesión de la abogacía por razón de su incumplimiento con los requisitos del PEJC. Al día de hoy, el licenciado Arrará Mir no ha comparecido.

## C. TS-13539

La Lcda. Agnes D. Martínez Colón fue admitida al ejercicio de la abogacía el 30 de enero de 2001 y a la práctica de la notaría el 11 de octubre de 2005. El 19 de marzo de 2013, la entonces Directora del PEJC presentó ante este Tribunal un *Informe sobre incumplimiento con requisito de educación jurídica continua* para el periodo del 1 de marzo de 2007 al 28 de febrero de 2009. En éste, se detalló que, el 3 de abril de 2009, se le envió a la licenciada Martínez Colón un Aviso de Incumplimiento otorgándole, entre otras alternativas, sesenta (60) días adicionales para tomar los cursos de educación jurídica continua y pagar la multa por cumplimiento tardío. Al incumplir con lo

---

[4] El licenciado Arrarás Mir tampoco ha cumplido con los requisitos para el periodo del 1 de septiembre de 2011 al 31 de agosto de 2013.

anterior, la licenciada Martínez Colón fue citada para una vista informal. La notificación de la vista fue devuelta por el servicio postal, por lo que una nueva notificación le fue enviada por facsímil.[5]

Luego de la celebración de la vista, a la cual la licenciada Martínez Colón compareció personalmente, el Oficial Examinador recomendó referir su caso a este Tribunal. Ello, por entender que la información provista no justificaba su incumplimiento. No obstante, el 5 de octubre de 2012, El PEJC envió una comunicación adicional a la licenciada, otorgándole un término de treinta (30) días para cumplir con los créditos adeudados. La licenciada Martínez Colón nunca contestó. Consiguientemente, la recomendación del Oficial Examinador fue acogida, el caso fue referido a la Junta y, posteriormente, se preparó el *Informe* ante nuestra consideración.

El 3 de abril de 2013, la licenciada Martínez Colón presentó ante este Tribunal su contestación al *Informe*. En esencia, arguyó que no había recibido los avisos de incumplimiento y que había recibido la citación a la vista informal el día previo a su celebración. Asimismo, sostuvo que había tomado un seminario de educación jurídica continua que aún no había sido aprobado por el PEJC, a pesar de que había sometido toda la documentación para ello. Por último, destacó que se encontraba atravesando

---

[5] Informa la ex Directora del PEJC que, al momento de emitir la citación a la vista informal que le fue devuelta, el Programa descansó en la información contenida en el Registro Único de Abogados (RUA).

problemas personales y de salud, pero que tenía la intención de cumplir con todo lo que le fuese requerido por el PEJC.

El 9 de mayo de 2013, emitimos una resolución mediante la cual le concedimos a la Junta un término de veinte (20) días para expresarse en torno a lo expuesto por la licenciada Martínez Colón en su contestación al *Informe* con relación al seminario que no había sido acreditado. La Junta compareció mediante una *Moción informativa en cumplimiento de resolución* e informó que la licenciada había presentado su solicitud de acreditación para el curso luego de que se celebrara la vista informal y casi cuatro años después de haber tomado el curso. Explicó que, a modo de excepción, se acogió la solicitud de acreditación presentada tardíamente. La Junta indicó que, luego de evaluar la misma, notificó a la dirección de correo electrónico de la licenciada Martínez Colón que constaba en el RUA la determinación denegando la acreditación del curso en cuestión. Adujo que tal determinación había advenido final y firme sin que la licenciada solicitara su reconsideración.

Evaluada la moción informativa presentada por el PEJC, emitimos una resolución, el 29 de enero de 2014, concediéndole un término final e improrrogable de treinta (30) días a la licenciada Martínez Colón para que cumpliera con los requisitos del Programa y pagara la multa por cumplimiento tardío. Se le apercibió a la licenciada que,

de incumplir con lo ordenado, estaría expuesta a sanciones disciplinarias. En vista del incumplimiento de la licenciada, el 6 de febrero de 2015, emitimos otra resolución, la cual fue notificada personalmente, concediéndole a ésta un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía por su incumplimiento con los requisitos del PEJC.

El 27 de febrero de 2015, la licenciada Martínez Colón compareció mediante una *Moción en cumplimiento de resolución*. En ésta, expuso que había realizado todas las gestiones que le permitía su precaria situación económica para cumplir con los requerimientos del Programa. Sostuvo que no había recibido varias notificaciones, incluyendo la resolución previamente emitida por este Foro. Explicó que se había comunicado con Secretaría para constatar que sus datos estuviesen actualizados y que, en efecto, se le informó que lo estaban. Arguyó que, a pesar de ello, no había recibido la correspondencia que le había sido cursada por el PEJC y este Tribunal.

Luego de varios trámites procesales, el 24 de abril de 2015, emitimos una resolución concediéndole a la licenciada un término final e improrrogable de treinta (30) días para cumplir con los requisitos del PEJC y pagar la multa por cumplimiento tardío. En la resolución también se le apercibió de las severas sanciones disciplinarias que acarrearía su incumplimiento. Al día de hoy, la licenciada

Martínez Colón no ha comparecido ni ha cumplido con lo ordenado.

### D. TS-4065

El Lcdo. Juan Capestany Rodríguez fue admitido al ejercicio de la abogacía el 12 de enero de 1973 y a la práctica de la notaría el 14 de febrero de 1973.[6] El 6 de noviembre de 2015, la ex Directora del PEJC presentó ante este Tribunal el *Informe sobre incumplimiento con requisito de educación jurídica continua* para el periodo del 1 de septiembre de 2007 al 31 de agosto de 2009. En éste, se detallaron los esfuerzos realizados por el PEJC para asegurar el cumplimiento del licenciado Capestany Rodríguez con los requisitos reglamentarios correspondientes. A esos efectos, se indicó que el PEJC le había cursado al licenciado los avisos de incumplimiento correspondientes, otorgándole un tiempo razonable para que cumpliera con los requerimientos. No obstante, el licenciado Capestany Rodríguez incumplió con los términos que le fueron concedidos y no pagó la multa por cumplimiento tardío.

Transcurrido un periodo prudente para el cumplimiento, el PEJC envió al licenciado Capestany Rodríguez una citación para una vista informal, a la cual éste compareció por escrito. En síntesis, informó que se encontraba virtualmente retirado del ejercicio de la profesión y que

---

[6] Según surge del expediente del licenciado Capestany Rodríguez, éste fue suspendido del ejercicio de la abogacía el 30 de junio de 1999 y reinstalado el 7 de febrero de 2006. Su suspensión se debió a deficiencias en su obra notarial.

su práctica se limitaba a peticiones *ex parte* y redacción de escrituras. Además, indicó que, a partir del año 2008, su situación económica le había impedido tomar cursos de educación jurídica continua. Celebrada la vista, el 4 de septiembre de 2014, el PEJC le concedió un término adicional de treinta (30) días para subsanar las deficiencias del periodo en cuestión y pagar la multa por cumplimiento tardío.

El 15 de enero de 2015, el licenciado Capestany Rodríguez envió una carta al PEJC, arguyendo que no tenía conocimiento de que la vista se celebraría sin su comparecencia y reiterando que su situación económica no le permitía cumplir con los requisitos del Programa. Por tanto, solicitó que las sanciones de las que fue apercibido fueran diferidas e informó que solicitaría una beca para tomar algunos cursos. En respuesta, y en atención a que habían transcurrido más de cinco (5) años desde el vencimiento del periodo de 2007 a 2009, el PEJC le otorgó un término final e improrrogable para cumplir con los créditos adeudados y satisfacer la multa por cumplimiento tardío. Del expediente no surge respuesta a tal comunicación.

Posteriormente, el 22 de septiembre de 2015, la Junta emitió una resolución concediéndole al licenciado otro término de treinta (30) días. Tal resolución le fue notificada a éste por correo postal a la dirección que surge del RUA. Así las cosas, examinado el *Informe*

presentado, emitimos una resolución, el 30 de noviembre de 2015, concediéndole al licenciado Capestany Rodríguez un término de veinte (20) días para comparecer y mostrar causa por la cual no debía ser suspendido del ejercicio de la abogacía por causa de su reiterado incumplimiento con los requisitos del PEJC. Al día de hoy, el licenciado Capestany Rodríguez no ha comparecido.

**II**

En múltiples ocasiones este Tribunal se ha expresado en torno a la importancia de cumplir diligentemente con los requisitos de educación jurídica continua en el quehacer profesional de los abogados en nuestra jurisdicción. Asimismo, hemos señalado que los requisitos establecidos en el *Reglamento de Educación Jurídica Continua*, 164 D.P.R. 555 (2005), responden al deber ineludible de todo abogado y abogada del País de "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional . . .". Canon 2 del Código de Ética Profesional, 4 L.P.R.A. Ap. XVII-E, C. 2.

La desidia y dejadez ante los requerimientos del PEJC, no sólo constituyen un gasto de recursos administrativos por parte del Programa, sino que, además, reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional. Véase *In re López Santos et al.* 2016 T.S.P.R. 17; *In re Arroyo Acosta*, 192 DPR 848, 852 (2015). Así, en

aras de garantizar el cumplimiento por parte de la clase togada con ese deber ético-profesional, este Tribunal adoptó el Reglamento de Educación Jurídica Continua, *supra*, el cual, salvo contadas excepciones, exige a todos los miembros activos admitidos a la profesión legal la aprobación de veinticuatro (24) horas crédito en cursos de educación jurídica. Además, el Reglamento contiene los procedimientos para certificar el cumplimiento con las horas crédito y revisar los avisos de incumplimiento.[7]

Por otro lado, en múltiples instancias hemos sido enfáticos en recordarle a los miembros de la profesión legal su deber de contestar los requerimientos exigidos por parte de este Tribunal, advirtiendo que la dejadez en este ámbito es incompatible con la práctica de la profesión. Véase *In re Guzmán Rodríguez*, 187 D.P.R. 826 (2013); *In re Trinidad Torres*, 183 D.P.R. 371 (2011); *In re Colón Rivera*, 170 D.P.R. 440 (2007). A esos efectos, hemos afirmado que incumplir con los requerimientos de este Tribunal infringe el Canon 9 de los Cánones de Ética Profesional, puesto que constituye una afrenta a nuestro poder inherente de regular el ejercicio de la profesión legal. Véase *In re Guzmán Rodríguez*, *supra*; *In re Rosado Cruz*, 176 D.P.R. 1012 (2009).

Asimismo, y en pos de garantizar que los miembros de la profesión legal atiendan con la premura requerida las

---

[7] Nótese que las enmiendas realizadas al Reglamento en el 2015 no habían entrado en vigor al momento en que se presentó el Informe que nos ocupa.

comunicaciones de este Foro, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B, R. 9(j), impone la obligación a todo abogado y abogada de mantener sus datos actualizados en el RUA. Hemos sido enfáticos en recordarle a los miembros de la profesión legal que incumplir con esta obligación obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. *In re Arroyo Rosado*, 191 D.P.R. 242 (2014). El incumplimiento con esta obligación, además, constituye fundamento suficiente para decretar la separación inmediata del ejercicio de la abogacía. *Id.*

A pesar de estos recordatorios y de las múltiples suspensiones de miembros de la profesión legal por incumplir con los requisitos dispuestos en el Reglamento de Educación Jurídica Continua, *supra*, estamos obligados, nuevamente, a ejercer nuestra jurisdicción disciplinaria para sancionar a los abogados y abogadas de epígrafe por su incumplimiento.

### III

#### A. TS-10354

El licenciado López López incumplió con los requisitos del PEJC para el periodo del 1 de septiembre de 2009 al 31 de agosto de 2011. Si bien éste compareció por escrito ante el PEJC para relatar las dificultades de índole económica y de salud que le habían impedido satisfacer las horas crédito adeudadas, tales precariedades no lo eximen de ceñirse a disposiciones reglamentarias que aspiran al

mejoramiento profesional de aquellos que ejercen la abogacía en nuestra jurisdicción. Además, el licenciado incumplió con la orden de este Tribunal mediante la cual le concedimos un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido de la profesión. Como adelantamos, desatender una orden de este Tribunal, de por sí, constituye una violación ética que amerita la separación del ejercicio de la abogacía.

### B. TS-6242

El licenciado Arrarás Mir incumplió con los requisitos reglamentarios del PEJC para el periodo del 1 de septiembre de 2007 al 31 de agosto de 2009. Como vimos, los múltiples esfuerzos realizados por el PEJC para garantizar su cumplimiento fueron fútiles. Según se desprende del Informe, el licenciado Arrarás Mir tampoco ha cumplido con los requisitos correspondientes al periodo de 2011 al 2013. Su reiterado incumplimiento, tanto con los requerimientos del PEJC como con la orden de comparecencia dictada por este Tribunal, obstaculiza el ejercicio de nuestro poder disciplinario y constituye una falta ética altamente reprensible.

### C. TS-13539

La licenciada Martínez Colón incumplió con los requisitos del PEJC para el periodo del 1 de marzo de 2007 al 28 de febrero de 2009. Esto, a pesar se las múltiples gestiones del PEJC para asegurar su cumplimiento y las

distintas prórrogas que le fueron concedidas para ello. La licenciada Martínez Colón, además, incurrió en conducta antiética al ignorar la orden de comparecencia dictada por este Tribunal y al no actualizar sus datos en el RUA, según lo exige nuestro Reglamento. Como explicamos, esta conducta obstaculiza el ejercicio de nuestro poder inherente para reglamentar la profesión legal y constituye una falta ética adicional.

### D. TS-4065

El licenciado Capestany Rodríguez incumplió con los requisitos reglamentarios del PEJC para el periodo del 1 de septiembre de 2007 al 31 de agosto de 2009. Asimismo, éste no compareció ante el PEJC luego de los múltiples requerimientos que le fueron cursados. Encontrarse prácticamente retirado de la profesión, según alegó, sin haber solicitado formalmente un cambio a abogado inactivo, no lo exime de cumplir con los requisitos de educación jurídica continua ni con las órdenes de este Tribunal. El licenciado Capestany Rodríguez igualmente incurrió en conducta antiética al ignorar la orden de comparecencia de este Tribunal

### IV

Conforme a los hechos relatados y los fundamentos de Derecho previamente expuestos, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del licenciado López López, la licenciada Martínez

Colón y el licenciado Capestany Rodríguez. Asimismo, se ordena la suspensión de la práctica de la abogacía del licenciado Arrarás Mir. En caso de que éstos se encuentren representando clientes ante nuestros tribunales en la actualidad, se les impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar oportunamente de sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tengan casos pendientes. Deberán acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otra parte, se le ordena al Alguacil de este Tribunal incautar de manera inmediata la obra y el sello notarial del licenciado López López, la licenciada Martínez Colón y del licenciado Capestany Rodríguez para el trámite correspondiente por el Director de la Oficina de Inspección de Notarías.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

| | |
|---|---|
| Ángel D. López López | **Núm.** TS-10,354 |
| José E. Arrarás Mir | **Núm.** TS-6,242 |
| Agnes D. Martínez Colón | **Núm.** TS-13,539 |
| Juan Capestany Rodríguez | **Núm.** TS-4,065 |

*SENTENCIA*

San Juan, Puerto Rico, a 28 de abril de 2016

Conforme a los hechos relatados y los fundamentos de Derecho previamente expuestos, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del licenciado López López, la licenciada Martínez Colón y el licenciado Capestany Rodríguez. Asimismo, se ordena la suspensión de la práctica de la abogacía del licenciado Arrarás Mir. En caso de que éstos se encuentren representando clientes ante nuestros tribunales en la actualidad, se les impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar oportunamente de sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tengan casos pendientes. Deberán acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otra parte, se le ordena al Alguacil de este Tribunal incautar de manera inmediata la obra y el sello notarial del licenciado López López, la licenciada Martínez Colón y del licenciado Capestany Rodríguez para el trámite correspondiente por el Director de la Oficina de Inspección de Notarías.

Notifíquese personalmente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo