EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Juan J. Ramírez Rivera | 2016 TSPR 84<br><br>195 DPR ____ |

Número del Caso: TS-3,292

Fecha: 2 de mayo de 2016

Programa de Educación Jurídica Continua:

      Lcda. Geisa M. Marrero Martínez
      Directora Ejecutiva

Abogado del Querellado:

      Por Derecho Propio

Materia: Conducta Profesional – La suspensión de la abogacía y notaría será efectiva el 10 de mayo de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Juan J. Ramírez Rivera                TS-3292


*PER CURIAM*

En San Juan, Puerto Rico, a 2 de mayo de 2016.

Nuevamente nos vemos forzados a ordenar la suspensión indefinida de un miembro de la profesión legal que incumplió con los requisitos del Programa de Educación Jurídica Continua (PEJC) e hizo caso omiso a los requerimientos de dicho Programa.

I.

El Lcdo. Juan J. Ramírez Rivera fue admitido al ejercicio de la abogacía el 25 de junio de 1969 y prestó juramento como notario el 31 de octubre de 1969. El 13 de mayo de 2015, la entonces Directora del PEJC, Lcda. Geisa M. Marrero Martínez, presentó ante nosotros un *Informe sobre Incumplimiento con*

*Requisito de Educación Jurídica Continua*. Señaló que el 8 de septiembre de 2011, el PEJC le envió al licenciado Ramírez Rivera un *Aviso de Incumplimiento* porque no cumplió con los requisitos del Programa durante el periodo de 1 de junio de 2009 al 30 de mayo de 2011.[1] A pesar de que en el aviso una de las alternativas que se le otorgó fue tomar los cursos dentro de un término adicional de sesenta (60) días, el licenciado Ramírez Rivera no tomó los cursos adeudados, ni pagó la cuota por cumplimiento tardío.

En consecuencia, el 31 de enero de 2014 el PEJC lo citó a una vista informal a celebrarse el 27 de febrero de 2014. El licenciado Ramírez Rivera no compareció a esa vista y el PEJC le notificó la *Determinación de la Directora Ejecutiva* y le concedió un término de treinta (30) días para cumplir con los créditos. Posteriormente, y en vista de la actitud pasiva del licenciado Ramírez Rivera, el PEJC nos refirió este asunto para que tomáramos conocimiento de la situación y le concediéramos un término final para subsanar la deficiencia.

El 7 de julio de 2015, el licenciado Ramírez Rivera presentó ante este Tribunal una *Moción sobre Incumplimiento con Requisito de Educación Jurídica Continua*. En esencia, se disculpó por su incumplimiento

---

[1] Cabe mencionar que, según el *Informe* presentado, el licenciado Ramírez Rivera también incumplió con los requisitos del PEJC durante el periodo de 2011-2013, pero para aquél entonces, no se había citado a una vista informal.

con los requisitos del PEJC y alegó que ello se debía a una condición de salud que lo afecta hace más de 5 años y que lo tiene gran parte del tiempo entre el hospital y su casa. Además, luego de que el PEJC lo orientara, solicitó nuestra autorización para tomar los cursos adeudados por internet.

El 20 de octubre de 2015, la entonces Directora del PEJC, licenciada Marrero Martínez, presentó ante nosotros una *Moción Informativa*. Señaló que el 30 de septiembre de 2015, el licenciado Ramírez Rivera se comunicó con el PEJC por vía telefónica e indicó que este Tribunal le había concedido 60 días para cumplir con los requisitos del Programa. Asimismo, detalló que el letrado indagó en cuanto a cómo podía obtener su Historial de Cursos Acreditados. Posteriormente, el 7 de octubre de 2015 el licenciado Ramírez Rivera se comunicó nuevamente con el PEJC por vía telefónica y, entre otras cosas, preguntó cuándo vencía el término de 60 días que alegadamente le había concedido este Tribunal.[2] Ese mismo día, el Programa se comunicó con Secretaría y descubrió que este Tribunal no había emitido resolución alguna concediéndole un término al licenciado Ramírez Rivera.

Por último, el PEJC informó que el licenciado Ramírez Rivera incumplió con los requisitos del Programa durante

---

[2] También le cuestionó al PEJC si con los cursos que se proponía tomar subsanaba la deficiencia. El Programa le indicó que la información provista no era suficiente y que era necesario que el proveedor certificara el total de horas.

los periodos 2009-2011, 2011-2013 y 2013-2015.[3] También mencionó que no pagó la cuota por cumplimiento tardío correspondiente a los periodos 2007-2009, 2009-2011, 2011-2013 y 2013-2015.

## II.

En nuestra jurisdicción los miembros de la profesión legal tienen la obligación de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional […]". Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2. En consideración al deber antes expuesto, este Tribunal adoptó el Reglamento de Educación Jurídica Continua y, posteriormente, el Reglamento del PEJC en virtud de nuestro poder inherente para reglamentar la profesión de la abogacía. Véase In re Regl. Educ. Jur. Cont., 146 DPR 494 (1998); In re Aprobación Prog. Educ. Jur., 164 DPR 555 (2005). Véase, además, In re Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua, 2015 TSPR 77, 193 DPR ___ (2015).

En lo pertinente, hemos reiterado que cuando un abogado o abogada incumple con los requisitos del PEJC, además de generarle costos administrativos al Programa, es

---

[3] El periodo 2013-2015 venció luego de que el PEJC presentara el *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* de 13 de mayo de 2015. El 19 de agosto de 2015, el Programa le envió al licenciado Ramírez Rivera el *Aviso de Incumplimiento* correspondiente a ese periodo.

un acto que contraviene el deber de excelencia y competencia que requiere el Canon 2 del Código de Ética Profesional, supra. In re López Santos, et al., 2016 TSPR 37, pág. 11, 194 DPR ___ (2016); In re Nieves Vázquez, et al., 2016 TSPR 22, pág. 13, 194 DPR ___ (2016); In re Cepero Rivera, et al., 2015 TSPR 119, pág. 9, 193 DPR ____ (2015). Ante ello, hemos suspendido en múltiples ocasiones a abogados y abogadas del ejercicio de la profesión por no cumplir con los requisitos del PEJC ni atender sus requerimientos. Véase, In re López Santos, et al., supra; In re Nieves Vázquez, et al., supra; In re Arroyo Acosta, 192 DPR 848, 852 (2015).

Apliquemos este marco legal a los hechos ante nuestra consideración.

III.

Según expuesto previamente, el licenciado Ramírez Rivera incumplió con los requisitos del PEJC durante los periodos 2009-2011, 2011-2013 y 2013-2015. Asimismo, no pagó las cuotas por cumplimiento tardío correspondientes a los periodos 2007-2009, 2009-2011, 2011-2013 y 2013-2015. Cabe resaltar que el PEJC le concedió la oportunidad de cumplir con su obligación, aunque fuera tardíamente, y justificar su incumplimiento, de forma que no resultara con una medida disciplinaria en su contra. Aunque el licenciado Ramírez Rivera se comunicó telefónicamente con el PEJC, para octubre de 2015 no había certificado ante el

PEJC ni ante este Tribunal su cumplimiento con los requisitos del Programa. Tampoco acreditó la condición de salud que alegó en su *Moción sobre Incumplimiento con Requisito de Educación Jurídica Continua* de 7 de julio de 2015.

Todo lo anterior nos obliga a decretar la suspensión inmediata e indefinida del licenciado Ramírez Rivera del ejercicio de la abogacía y la notaría. Así pues, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Ramírez Rivera y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este foro.

Notifíquese personalmente al licenciado Ramírez Rivera esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Juan J. Ramírez Rivera                    TS-3292


SENTENCIA

En San Juan, Puerto Rico, a 2 de mayo de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del Lcdo. Juan J. Ramírez Rivera por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC), así como hacer caso omiso a los requerimientos del PEJC.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Sentencia.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                    Juan Ernesto Dávila Rivera
                  Secretario del Tribunal Supremo