EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: José Luis Arroyo Acosta | 2015 TSPR 50<br><br>192 DPR ____ |

Número del Caso: TS-15,188

Fecha: 9 de abril de 2015

Programa de Educación Jurídica Continua:

       Lcda. Geisa Marrero Martínez
       Directora Ejecutiva

Materia: La suspensión será efectiva el 29 de abril de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

José Luis Arroyo Acosta

TS-15,188

PER CURIAM

En San Juan, Puerto Rico, a 9 de abril de 2015.

I.

El Lcdo. Jose Luis Arroyo Acosta fue admitido al ejercicio de la abogacía el 16 de febrero de 2005 y al ejercicio de la notaría el 28 de julio de 2005. El 10 de octubre de 2014, la Directora Ejecutiva del Programa de Educación Jurídica Continua (PEJC) nos informó que el licenciado Arroyo Acosta incumplió con los requisitos de educación jurídica continua para el periodo de 1 de agosto de 2007 a 31 de julio de 2009.

Según surge del informe presentado por la Directora Ejecutiva, el 3 de diciembre de 2009 PEJC

le notificó formalmente al licenciado Arroyo Acosta que había incumplido con los requisitos reglamentarios de educación jurídica continua para el periodo antes mencionado y le otorgó sesenta días para que tomara los créditos requeridos. Posteriormente, el PEJC citó al letrado a una vista informal. Debido a que el licenciado Arroyo Acosta no compareció, la Junta del PEJC determinó referir el asunto ante nuestra atención.

Así, el 20 de octubre de 2014 tomamos conocimiento del informe sobre incumplimiento y le concedimos al licenciado Arroyo Acosta un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. Es importante destacar que todas las notificaciones del PEJC y de este Tribunal se enviaron a la dirección del licenciado Arroyo Acosta que consta en el Registro Único de Abogados (RUA). Ninguna de esas notificaciones fue devuelta por el servicio postal.

El 19 de marzo de 2015, luego de transcurrido el término concedido, el licenciado Arroyo Acosta compareció y expresó que desde el 2009 reside fuera de Puerto Rico. A pesar de eso, este nos informó que nunca actualizó su dirección en el RUA. Así, según el letrado, la dirección que consta en el RUA es de la residencia de su hermana, lugar donde vivió hasta 2009. De acuerdo al licenciado

Arroyo Acosta, esa "dirección continúa vigente y […] [mi] hermana […] se supone que esté manejando [mi] correo regular". Sin embargo, este alegó que las notificaciones del PEJC nunca le llegaron y que las de este Tribunal le llegaron tarde. Finalmente, el letrado aceptó el incumplimiento con los requisitos del PEJC y nos adelantó que estará solicitando un cambio de estatus a abogado inactivo.

## II.

La Regla 6 del Reglamento del Programa de Educación Jurídica Continua de 1998, 4 LPRA Ap. XVII-D, dispone que todos los abogados activos tienen que cumplir con al menos veinticuatro horas créditos en cursos acreditados cada dos años. Es deber de todo abogado presentar un informe ante la Junta del PEJC acreditando el cumplimiento con las horas crédito requeridas no más tarde de treinta días luego de concluido el periodo de dos años. Reglamento del Programa de Educación Jurídica Continua de 2005, 4 LPRA Ap. XVII-E.

En caso de que un abogado cumpla tardíamente con los requisitos antes mencionados, tiene que presentar un informe con las razones que justifican el cumplimiento tardío. Id., Regla 30. Además, deberá pagar una cuota de $50. Íd. Por otra parte, cuando un abogado incumple con los requisitos del PEJC, será citado a una vista informal para que explique las razones del incumplimiento. Íd., Regla 32. Si el abogado no comparece a esa vista, la Junta

del PEJC referirá el asunto a este Foro para que tomemos las medidas pertinentes. Íd.

Por otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo de 2011, 4 LPRA Ap. XXI-B, R.9, establece que todos los abogados tienen el deber de mantener actualizados sus datos en el RUA, incluyendo la dirección seleccionada para recibir las notificaciones. El incumplimiento con lo anterior "obstaculiza sustancialmente la canalización adecuada del ejercicio de nuestra jurisdicción disciplinaria". In re Louis Estrada Ramos, 2013 TSPR 74, pág. 3.

Desafortunadamente, en múltiples ocasiones nos hemos visto obligados a suspender abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito requeridas. In re Rivera Trani, 188 DPR 454 (2013). Asimismo, hemos sido enfáticos al expresar que desatender nuestros requerimientos acarrea sanciones disciplinarias, incluyendo la suspensión inmediata de la profesión. In re Irizarry Irizarry, 190 DPR 368 (2014). Cuando un abogado no cumple con nuestras órdenes, "demuestra menosprecio hacia nuestra autoridad, infringiendo de ese modo, las disposiciones del Canon 9". Íd. Por eso, "[s]i luego de proveerle un término al abogado para que muestre causa por la cual no debe ser suspendido de la profesión, éste incumple con nuestro mandato, procede que el abogado sea sancionado con la suspensión indefinida del ejercicio de

la abogacía […]". <u>In re Piñeiro Vega</u>, 188 DPR 77, 90 (2013).

### III.

Según surge del expediente, el licenciado Arroyo Acosta incumplió con los requisitos de educación jurídica continua para el periodo comprendido del 1 de agosto de 2007 al 31 de julio de 2009. Al momento, el letrado no ha acreditado el cumplimiento con las veinticuatro horas crédito para el periodo notificado, aun cuando le concedimos amplia oportunidad para hacerlo.

Las órdenes y requerimientos del PEJC y de este Tribunal se enviaron a la dirección incluida por el letrado en el RUA y no fueron devueltas por el correo, por lo que se presumen bien notificadas. Más aun, el propio licenciado Arroyo Acosta expresa que esa "dirección continúa vigente". Por eso, no es una excusa válida el hecho de que "las notificaciones previas del PEJC jamás le llegaron y las de este Tribunal [le] fueron enviadas de manera tardía". Fue el propio letrado quien decidió no actualizar su dirección de RUA una vez se mudó fuera de Puerto Rico y, en cambio, optó por descansar en su hermana para que le hiciera llegar las notificaciones que le llegaran a esa dirección.

Por lo tanto, a quien único se le puede adscribir responsabilidad por no recibir las notificaciones del PEJC y de este Foro es al propio letrado. Es inaceptable que el licenciado Arroyo Acosta ignorara los requerimientos del

PEJC y que compareciera ante este Tribunal casi cinco meses luego de que le ordenáramos que mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión.

## IV.

Por todo lo anterior, decretamos la suspensión inmediata e indefinida del licenciado Arroyo Acosta del ejercicio de la abogacía y la notaría. Como consecuencia, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Arroyo Acosta y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y sentencia al Sr. José Luis Arroyo Acosta.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re


José Luis Arroyo Acosta

TS-15,188


SENTENCIA

En San Juan, Puerto Rico, a 9 de abril de 2015.

Por los fundamentos expuestos, en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, decretamos la suspensión inmediata e indefinida del licenciado Arroyo Acosta del ejercicio de la abogacía y la notaría. Como consecuencia, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Arroyo Acosta y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y sentencia al Sr. José Luis Arroyo Acosta.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo.


                    Aida I. Oquendo Graulau
                 Secretaria del Tribunal Supremo