EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Marisol Ramos Fernández | 2016 TSPR 127 195 DPR ____ |
|---|---|

Número del Caso: TS-11,910

Fecha: 17 de junio de 2016

Programa de Educación Jurídica Continua:

      Hon. Geisa M. Marrero Martínez
      Directora Ejecutiva

Abogada de la Querellada:

      Por Derecho Propio

Conducta Profesional – La suspensión será efectiva el 20 de junio de 2016, fecha en que se le notificó por correo a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

  Marisol Ramos Fernández      TS-11,910

PER CURIAM

San Juan, Puerto Rico, a 17 de junio de 2016.

Nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria en contra de un miembro de la profesión jurídica que ha incumplido con los requisitos del Programa de Educación Jurídica Continua (PEJC) y no ha acatado las órdenes de este Tribunal.

En atención a la inobservancia de los preceptos antes establecidos, decidimos suspender a la Lcda. Marisol Ramos Fernández (licenciada Ramos Fernández) inmediata e indefinidamente de la abogacía.

I

La licenciada Ramos Fernández fue admitida al ejercicio de la abogacía el 16 de enero de 1997. El 10 de octubre de 2014, la entonces Directora del PEJC, Hon. Geisa M. Marrero Martínez, compareció ante este Foro mediante *Informe sobre incumplimiento con requisito de educación jurídica continua* (Informe). En éste, señaló que la abogada incumplió con los requisitos del Programa durante el periodo de 1 de agosto de 2007 al 31 de julio de 2009. Por ello, el PEJC le cursó a la abogada un aviso de incumplimiento, en el cual le concedió un término de sesenta días para completar los cursos y pagar la multa por cumplimiento tardío. No obstante, la licenciada Ramos Fernández incumplió con ambos señalamientos.

Así las cosas, el PEJC citó a la licenciada Ramos Fernández para una vista informal, a la cual la abogada no compareció. Por ello, el Oficial Examinador recomendó remitir el asunto ante este Tribunal al amparo de la Regla 32(C) del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento del PEJC).[1] La Directora del Programa le concedió un término adicional de veinte días a la licenciada Ramos Fernández para cumplir con los requisitos del periodo de 2007 al 2009.

Según se desprende del Informe del PEJC, el 29 de agosto de 2014 se le concedió un término final de diez días para cumplir con el referido periodo y presentar prueba de

---

[1] 4 LPRA Ap. XVII-E.

ello al Programa. Además, se le otorgó un término de sesenta días para subsanar las deficiencias de los periodos de 2009 al 2011 y de 2011 al 2013.[2]

El 8 de septiembre de 2014 el PEJC recibió una misiva de la licenciada Ramos Fernández, en la cual señaló que no compareció a la vista informal debido a que no recibió la citación a la misma. A su vez, indicó que no practica la profesión en esta jurisdicción desde el 2002 y que tampoco la ha ejercido en otras jurisdicciones desde el 2010. Finalmente, solicitó que se le concedieran quince días adicionales para completar los requisitos del periodo de 2007 al 2009.

Así las cosas, el 9 de septiembre de 2014 el PEJC le envió una comunicación a la licenciada Ramos Fernández, en la cual reiteró que debía presentar los certificados de participación de los cursos de ética en o antes del 9 de septiembre de 2014. Dicha determinación se tomó a base del historial de incumplimiento de la abogada. Ese mismo día, la licenciada Ramos Fernández se comunicó vía telefónica al Programa para expresar su inconformidad con la referida determinación, por no habérsele concedido la extensión de tiempo solicitada. Luego de habérsele otorgado la oportunidad de ser oída sin que la licenciada Ramos Fernández cumpliera, el PEJC refirió el asunto a este Tribunal.

---

[2] Del *Informe sobre incumplimiento con requisito de Educación Jurídica Continua* surge que el aviso de incumplimiento correspondiente al periodo de 2009 al 2011 fue notificado a la dirección que surgía del Registro Único de Abogados. No obstante, el mismo fue devuelto por el servicio postal.

Así las cosas, el 20 de octubre de 2014, emitimos una Resolución en la cual le concedimos un término de veinte días para que la licenciada Ramos Fernández compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía por su incumplimiento con los requisitos del Programa y por no comparecer ante el PEJC cuando le fue requerido.[3]

Posteriormente, el 13 de marzo de 2015 emitimos otra Resolución, en la cual le concedimos un término adicional de veinte días para que mostrara causa por la cual no debía ser suspendida de la profesión legal por no haber cumplido con los requisitos del PEJC.[4] A su vez, se le instruyó a la abogada que debía cumplir con la Regla 9(j) del Reglamento del Tribunal Supremo en cuanto a mantener sus datos actualizados en el Registro Único de Abogados (RUA) o se le impondrían sanciones disciplinarias, incluyendo la suspensión de la profesión.[5]

El 14 de mayo de 2015, la licenciada Ramos Fernández presentó una *Moción mostrando causa*, en la cual señaló que su incumplimiento se debía a que tanto ella como su esposo estaban desempleados. Además, indicó que en la jurisdicción donde se encuentra residiendo, Vero Beach, Florida, no ofrecen cursos por métodos tradicionales, lo que le dificulta cumplir con las disposiciones del Reglamento del

---

[3] Archivada en autos la copia de la notificación de la Resolución el 21 de octubre de 2014.

[4] Archivada en autos la copia de la notificación de la Resolución el 18 de marzo de 2015.

[5] 4 LPRA Ap. XXI-B.

PEJC. A esos efectos, nos solicitó la oportunidad de cumplir con las deficiencias señaladas por el Programa.

En consecuencia, el 26 de febrero de 2016 emitimos otra Resolución en la cual le concedimos un término de sesenta días para cumplir con los requerimientos del PEJC y un término final e improrrogable de cinco días para que actualizara sus datos personales en RUA.[6] Además, se le aclaró a la abogada que mediante las enmiendas recientes al Reglamento del PEJC se facilitó el cumplimiento de los requisitos, ya que se permite tomar la totalidad de horas crédito requeridas por el PEJC por medio de cursos ofrecidos a distancia. Al momento, la licenciada Ramos Fernández no ha cumplido con nuestra Resolución.

## II

El Tribunal Supremo de Puerto Rico tiene el poder inherente de regular la profesión. Por ello, nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente.[7] A esos efectos, nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones.[8] Este cuerpo legal impone a los miembros de la profesión jurídica la responsabilidad de "realizar esfuerzos

---

[6] Archivada en autos la copia de la notificación de la Resolución el 1 de marzo de 2016.

[7] *In re* Vera Vélez, 192 DPR 216, 226 (2015).

[8] *In re* De Jesús Román, 192 DPR 799, 802 (2015).

para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional".[9] Por consiguiente, todo abogado debe cumplir con los requisitos establecidos en el Reglamento del PEJC, *supra*.[10]

Reiteradamente, nos vemos obligados a disciplinar a abogados que no atienden los requerimientos del PEJC e incumplen con las horas crédito de educación jurídica continua.[11] A tales fines, hemos manifestado en múltiples ocasiones que la desidia y la dejadez ante los requerimientos del PEJC, no solo constituyen un gasto de recursos administrativos para el Programa, sino que también refleja una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional.[12]

Asimismo, hemos advertido a los miembros de la profesión jurídica que es su deber contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes.[13] Desatender nuestros requerimientos es incompatible con la práctica de la profesión, pues constituye una

---

[9] Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX. Véanse, además: *In re* Cepero Rivera *et al.*, 2015 TSPR 119, 193 DPR ___ (2015); *In re* López González *et al.*, 2015 TSPR 107, 193 DPR ___ (2015).

[10] Véase, además, *In re* Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua, 2015 TSPR 77, 193 DPR ___ (2015).

[11] *In re* López González *et al.*, *supra*; *In re* Arroyo Acosta, 192 DPR 848, 852 (2015); *In re* Rivera Trani, 188 DPR 454, 459-460 (2013).

[12] *In re* Cepero Rivera *et al.*, *supra*.

[13] Íd.; *In re* Rivera Trani, *supra*, pág. 460; *In re* Guzmán Rodríguez, 187 DPR 826, 829 (2013).

violación al Canon 9 del Código de Ética Profesional y menoscaba nuestro poder inherente de regular la profesión jurídica.[14] Por tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía.[15]

Cónsono con esta obligación de atender con premura nuestros requerimientos, la Regla 9(j) del Reglamento del Tribunal Supremo exige a los abogados mantener actualizados en el RUA sus datos personales, entre estos la dirección seleccionada para recibir notificaciones.[16] Es norma reiterada que incumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía.[17]

### III

La licenciada Ramos Fernández incumplió con los requisitos del PEJC para el periodo de 2007 al 2009. Ante ello, en tres ocasiones le concedimos términos para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y no comparecer cuando le fue requerido. Asimismo, le apercibimos que de incumplir

---

[14] *In re* Cepero Rivera *et al.*, *supra*; *In re* López González *et al.*, *supra*; *In re* Arroyo Acosta, *supra*, pág. 852; *In re* De Jesús Román, *supra*, pág. 803; *In re* Rivera Trani, *supra*, pág. 461; *In re* Guzmán Rodríguez, *supra*, pág. 829.

[15] Véanse: *In re* López González *et al.*, *supra*; *In re* Arroyo Acosta, *supra*, pág. 852; *In re* De Jesús Román, *supra*, pág. 803; *In re* Rivera Trani, *supra*, pág. 461; *In re* Guzmán Rodríguez, *supra*, pág. 829.

[16] 4 LPRA Ap. XXI-B. Véanse, además: *In re* Cepero Rivera *et al.*, *supra*; *In re* López González *et al.*, *supra*; *In re* Rivera Trani, *supra*, pág. 460.

[17] Íd. Véase, también, *In re* Arroyo Acosta, *supra*, pág. 852.

con nuestras órdenes estaría sujeta a la imposición de sanciones disciplinarias severas, incluyendo la suspensión de la práctica de la abogacía. No obstante, la licenciada Ramos Fernández aún no ha cumplido con los requisitos del PEJC. Además, la abogada tampoco cumplió con nuestra orden de actualizar sus datos personales en RUA, lo cual ha obstaculizado el ejercicio de nuestra jurisdicción disciplinaria.

Con su conducta, la licenciada Ramos Fernández nos ha demostrado su falta de interés en practicar la profesión de la abogacía en esta jurisdicción. Ante tales circunstancias, no hay otro remedio que tomar acción disciplinaria en su contra.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida de la licenciada Ramos Fernández del ejercicio de la abogacía.

La licenciada Ramos Fernández deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a

partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese a la dirección postal de la abogada de Vero Beach, Florida por correo certificado con acuse de recibo y al correo electrónico que obre en RUA.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Marisol Ramos Fernández                TS-11,910

SENTENCIA

San Juan, Puerto Rico, a 17 de junio de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Marisol Ramos Fernández del ejercicio de la abogacía.

La licenciada Ramos Fernández deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el

cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Notifíquese a la dirección postal de la abogada de Vero Beach, Florida por correo certificado con acuse de recibo y al correo electrónico que obre en RUA.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez no interviene.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo