EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Edgar A. Lee Navas | 2017 TSPR 208 <br><br> 198 DPR ____ |

Número del Caso: TS-11,824


Fecha:   28 de diciembre de 2017


Abogado del promovido:

        Por derecho propio


Programa de Educación Jurídica Continua:

        Lcdo. José Ignacio Campos Pérez
        Director




Materia:  Conducta Profesional – La suspensión será efectiva el 12 de enero de 2018, fecha en que se le notificó por correo al abogado de su suspensión inmediata.




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re


Edgar A. Lee Navas                  Núm. TS-11,824




PER CURIAM


En San Juan, Puerto Rico, 28 de diciembre de 2017.

En el día de hoy nos vemos obligados, una vez más, a suspender del ejercicio de la abogacía a un miembro de la profesión legal que ha incumplido con los requisitos del Programa de Educación Jurídica Continua, con su deber de mantener actualizada la información en el Registro Único de Abogados y Abogadas del Tribunal Supremo, y con las órdenes de este Tribunal. Veamos.

I.

El licenciado Edgar A. Lee Navas fue admitido al ejercicio de la abogacía el 16 de enero de 1997 y juramentó como notario el 13 de febrero de 1997. El 2 de abril de 2009, el licenciado Lee Navas presentó ante este Tribunal una carta mediante la cual

renunció voluntariamente al ejercicio de la notaría, por lo que emitimos una *Resolución* a tales efectos el 13 de abril del mismo año.

Posteriormente, el 9 de marzo de 2017, el Programa de Educación Jurídica Continua (PEJC), a través de su Director Ejecutivo, el Lcdo. José Ignacio Campos Pérez, compareció ante nos mediante un *Informe sobre incumplimiento con requisito de educación jurídica continua*, en el cual nos informa que el licenciado Lee Navas no cumplió con los requisitos establecidos en el *Reglamento del Programa de Educación Jurídica Continua*[1] (en adelante, "Reglamento del Programa"), según enmendado, durante el periodo del 1 de diciembre de 2007 al 30 de noviembre de 2009. Del mencionado *Informe* se desprende que el 20 de enero de 2010 se le envió un *Aviso de Incumplimiento* en el que se le concedió al referido letrado un término de sesenta (60) días para tomar los cursos adeudados y pagar la multa por cumplimiento tardío que dispone la Regla 30 (C) del Reglamento del Programa. El abogado en cuestión no cumplió con dicho requerimiento del PEJC.

Tras el incumplimiento del licenciado Lee Navas, y luego de un término razonable, el 24 de mayo de 2012 el PEJC le envió al letrado una citación para una vista

---

[1] In *re Aprobación Regl. Prog. Educ. Jur.*, 164 DPR 555 (2005), enmendado mediante Resolución ER-20110-4 de 30 de septiembre 2011, *In re R. 4 Prog. Educ. Jur. Cont.*, 183 DPR 48 (2011) y la Resolución ER-2015-03 de 15 de junio de 2015, *In re Emdas. R. Educ. Jur. Cont.*, 193 DPR 233 (2015).

informal, conforme al Reglamento del Programa, a celebrarse el 22 de junio de 2012. Dicha comunicación fue enviada por correo regular a la dirección que surgía en el Registro Único de Abogados y Abogadas del Tribunal Supremo (RUA), y la misma fue devuelta por el servicio de correo postal (*Returned to Sender Attempted, Not Known*). Tal correspondencia no pudo ser enviada nuevamente al mencionado letrado, toda vez que en el RUA no existía otra dirección postal ni de correo electrónico del mismo.

Así pues, se celebró la vista informal y, el 8 de agosto de 2014, se le notificó al licenciado Lee Navas el *Informe del Oficial Examinador* y la determinación de la entonces Directora Ejecutiva del PEJC, Hon. Geisa M. Marrero Martínez, relacionada con su incumplimiento con los requisitos del PEJC durante el periodo 2007-2009. En tal comunicación, además, se le concedió al referido letrado un término de treinta (30) días para cumplir con los requisitos para el mencionado periodo y para pagar la multa por cumplimiento tardío. Se le apercibió que, de no cumplir con lo ordenado, el asunto podría ser referido a esta Curia.

Así las cosas, luego de varios trámites procesales no necesarios aquí pormenorizar, el 12 de octubre de 2016, la Junta del PEJC celebró una reunión en la cual encomendó al Director de dicha dependencia a presentar el correspondiente informe ante este Tribunal. Oportunamente, el Director del PEJC presentó el *Informe* ante nos.

Es menester señalar que, al momento de la presentación del referido *Informe*, el licenciado Lee Navas también había incumplido con los requisitos del PEJC para los periodos del 1 de diciembre de 2009 al 30 de noviembre de 2011, del 1 de diciembre de 2011 al 30 de noviembre de 2013 y del 1 de diciembre de 2013 al 30 de noviembre de 2016. Para los mencionados periodos, el PEJC le notificó un *Aviso de Incumplimiento* el 31 de enero de 2012, 17 de enero de 2014 y 27 de febrero de 2017, respectivamente. No obstante, el licenciado Lee Navas aún no ha sido citado para una vista informal con respecto a los mencionados periodos. Dichos *Avisos de Incumplimiento* también fueron devueltos por el servicio de correo postal, lo que refleja que el letrado aún no ha actualizado su información en el RUA ni ha notificado cualquier cambio de información o dirección.

En aras de atender el asunto traído ante nuestra consideración por el Director del PEJC, el 26 de abril de 2017, este Tribunal emitió una *Resolución,* notificada al día siguiente, mediante la cual le concedimos al licenciado Lee Navas un término de veinte (20) días para que compareciera ante nos y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC. Nuevamente, el letrado incumplió con lo ordenado.

Enterados de ello, el 21 de junio de 2017 este Tribunal emitió una segunda *Resolución,* mediante la que le

concedimos al licenciado Lee Navas un término final de diez (10) días para comparecer y mostrar causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC. Se ordenó, además, que la referida *Resolución* fuera notificada personalmente a la dirección del mencionado letrado, según consta en el RUA.

Realizado el correspondiente trámite por la Oficina de Alguaciles de este Tribunal, el 26 de junio de 2017 recibimos un informe de diligenciamiento negativo de *Resolución*, presentado por el Alguacil del Tribunal Supremo, mediante el cual nos informó que se personó a la dirección que aparece en el RUA para notificar la referida *Resolución* al licenciado Lee Navas, pero que allí lo atendió la señora Nancy Martínez, quien le informó que no conocía al letrado, pero que entendía que este quizás trabajaba con el Bufete Nevares Sánchez, bufete de abogados que ocupaba la oficina que anteriormente ubicaba en esa dirección.

Acto seguido, el Alguacil del Tribunal Supremo se comunicó al número telefónico del Bufete Nevares Sánchez, donde lo atendió la señora Frances Ortiz, secretaria, quien le comunicó que el licenciado Lee Navas no trabajaba en el mencionado bufete desde hace aproximadamente ocho (8) a diez (10) años. Añadió, además, que lo último que supo del letrado era que se encontraba residiendo en el estado de Florida de los Estados Unidos.

Por último, y en aras de intentar contactar al licenciado Lee Navas, el Alguacil de este Tribunal se comunicó con el Colegio de Abogados y Abogadas de Puerto Rico (CAAPR). En el CAAPR le informaron que la dirección del licenciado Lee Navas que consta en su sistema es la misma que aparece en el RUA. Además, le informaron que en su sistema aparecía una nota de que el letrado se encontraba en Orlando, Florida, y una dirección de correo electrónico de este último.

Es, pues, con el trasfondo procesal antes expuesto, que procedemos a disponer del proceso disciplinario que nos ocupa.

II.

Como es sabido, en nuestro ordenamiento jurídico, el Código de Ética Profesional, 4 LPRA Ap. IX, establece las normas mínimas de conducta que deben regir a los miembros de la profesión de la abogacía en el desempeño de sus funciones. *In re López Santos*, 194 DPR 960 (2016); *In re De Jesús Román,* 192 DPR 799, 802 (2015); *In re Vera Vélez*, 192 DPR 216 (2015). En particular, el Canon 2 del Código de Ética Profesional dispone que los miembros de la profesión deben "*realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional*". 4 LPRA Ap. IX, C. 2.

De conformidad con la normativa antes expuesta, este Tribunal adoptó el *Reglamento de Educación Jurídica Continua*, 4 LPRA Ap. XVII-D, según enmendado, y el *Reglamento del Programa*, *supra*. A través del *Reglamento de Educación Jurídica Continua, supra,* se les requiere a los miembros de la profesión legal cumplir con ciertas horas créditos en educación jurídica continua. Actualmente, se requiere que, en un periodo de tres (3) años, todos los abogados y abogadas activos en la profesión cumplan con veinticuatro (24) horas créditos en educación jurídica continua. En el referido Reglamento, además, se establecieron las excepciones a dicho requerimiento. *Véase Reglamento del Programa*, *supra*, Regla 4 (C). Asimismo, se estableció que los profesionales del derecho que cumplen con dicho requisito tardíamente, deben presentar un informe con las razones que justifiquen el cumplimiento tardío, así como pagar una cuota a tales efectos. *Reglamento del Programa*, *supra*, Regla 30.

Ahora bien, cuando los abogados o las abogadas no cumplen con los requisitos del PEJC, es necesario que se celebre una vista informal en la que estos o estas tengan la oportunidad de explicar las razones por las cuales incumplieron. *Íd.*, Regla 32. En caso en que el abogado o la abogada no comparezca a la vista, la Junta tiene el deber de remitir el asunto ante la consideración de este Tribunal. *Íd.*; *In re Cabán Arocho*, 2017 TSPR 104, 197 DPR ___ (2017). *Véanse,* además, *In re Gómez Riefkohl*, 2017

TSPR 41, 197 DPR __ (2017); *In re López González*, 2015 TSPR 107 (2015).

Establecido lo anterior, es menester tener presente, según lo ha expresado este Tribunal en innumerables ocasiones, que "*[l]a desidia y dejadez ante los requerimientos del PEJC, no solo representan un gasto de recursos administrativos por parte de ese programa, sino que, además, reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional*". *In re Cabán Arocho*, *supra*, pág. 8; *In re López Santos*, *supra*, pág. 4. Siendo ello así, nos hemos "*visto obligado[s] a suspender indefinidamente a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua requeridas*". *In re Cabán Arocho*, *supra*, pág. 8; *In re Rodríguez Gerena*, 2017 TSPR 40, pág. 4, 197 DPR ___ (2017); *In re Ortiz Soto*, 2016 TSPR 226, pág. 10; *In re Arroyo Acosta*, 192 DPR 848, 852 (2015).

### III.

Dicho ello, precisa señalar también que la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, impone la obligación a todo miembro de la ilustre profesión legal de mantener sus datos actualizados en el RUA. *In re López Méndez*, *supra*; *In re Ramos Fernández*, 2016 TSPR 127; *In re Cepero Rivera*, 193 DPR 1021 (2015); *In Re López González*, 2015 TSPR 107. Al respecto, hemos señalado que "*el fiel cumplimiento con este precepto*

*reglamentario garantiza el ejercicio eficaz de nuestra facultad de velar porque los miembros de la clase togada cumplan con sus deberes ético-profesionales, es decir, que atiendan con prontitud y diligencia las comunicaciones que se le remitan". In re López Méndez, supra*, pág. 962; *In re Marichal Morales*, 195 DPR 678 (2016); *In re Ezratty Samo*, 2016 TSPR 19; *In re Guzmán Ortiz*, 2015 TSPR 106. Sin duda alguna, cuando un miembro de la profesión legal incumple con esta obligación, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria, *In re Torres Martínez*, 192 DPR 291 (2015); *In re Arroyo Acosta*, 192 DPR 848 (2015); *In re Arroyo Rosado*, 191 DPR 241 (2014), lo que constituye fundamento suficiente e independiente para decretar la separación inmediata del ejercicio de la abogacía. *In re Ramos Fernández, supra*; *In re Cepero Rivera, supra*; *In re Toro Soto*, 181 DPR 654 (2011).

IV.

Por último, y por también ser en extremo pertinente al asunto que nos ocupa, conviene recordar que el Código de Ética Profesional, a través de su Canon 9, 4 LPRA Ap. IX, C. 9, requiere que todo abogado y abogada observe *"para con los tribunales una conducta que se caracterice por el mayor respeto". In re Cruz Liciaga*, 2017 TSPR 160, pág.4; *In re López Méndez,* 196 DPR 956 (2016); *In re Montalvo Delgado,* 196 DPR 541 (2016); *In re Torres Rodríguez,* 188 DPR 304 (2013). Al interpretar el mencionado canon, hemos hecho claro el deber que el mismo

les impone a los miembros de la profesión legal a los fines de comparecer y responder a los señalamientos notificados por el tribunal, así como a cualquier requerimiento u orden emitida por el foro judicial. *In re Rivera Navarro,* 193 DPR 303 (2015); *In re Irizarry Irizarry,* 190 DPR 368 (2015); *In re Nieves Nieves,* 181 DPR 25 (2011). *Véase,* además, *In re Otero Fernández,* 145 DPR 582 (1998).

La desatención o el incumplimiento con las antedichas órdenes judiciales constituyen también un serio agravio a la autoridad de los tribunales y, a su vez, constituye una infracción al canon 9 del Código de Ética Profesional, *supra. In re López Méndez, supra; In re Pestaña Segovia,* 192 DPR 485 (2015); *In re García Incera,* 177 DPR 329 (2010); *In re Maldonado Rivera,* 147 DPR 380 (1999). Así pues, hemos reiterado que cuando un abogado o abogada falla en responder de forma oportuna y diligente a nuestras órdenes, procede la suspensión del ejercicio de la profesión, puesto que ello demuestra indiferencia a nuestros apercibimientos y una violación del Canon 9, *supra. In re Grau Collazo,* 185 DPR 938, 944 (2012); *In re Rosario Martínez,* 184 DPR 494 (2012); *Galarza Rodríguez, Ex parte,* 183 DPR 228 (2011).

V.

Como ha quedado claramente establecido, en el presente caso, el licenciado Lee Navas incumplió con los requisitos del PEJC del 1 de diciembre de 2007 al 30 de

noviembre de 2009. Con respecto a dicho periodo, el PEJC le envió varias comunicaciones al letrado que este no respondió y, además, lo citó para una vista informal a la cual este tampoco asistió.

De igual forma, se desprende del expediente del licenciado Lee Navas que este tampoco ha cumplido con los requisitos del PEJC para los periodos de 2009-2011, 2011-2013 y 2013-2016, periodos para los cuales se le notificaron sendos *Avisos de Incumplimientos*. A dichos *Avisos*, el licenciado Lee Navas también ha hecho caso omiso. Con su conducta, sin lugar a dudas, el licenciado Lee Navas ha demostrado desidia y total desinterés en cumplir las órdenes de este Tribunal y con los requerimientos del PEJC, violentando así lo dispuesto en los cánones 2 y 9 del Código de Ética Profesional, *supra*.

Por otra parte, el licenciado Lee Navas tampoco ha actualizado su información de contacto en el RUA, obstaculizando así el ejercicio de nuestra jurisdicción disciplinaria. Dicha situación, por sí sola, sería suficiente para imponerle sanciones disciplinarias por su conducta para con este Tribunal.

Siendo ello así, -- en vista de que el licenciado Lee Navas ha incumplido con los requisitos del PEJC, con su deber de mantener actualizada la información en el Registro Único de Abogados y Abogadas del Tribunal Supremo, y con las órdenes de este Tribunal -- se le

suspende inmediata e indefinidamente del ejercicio de la abogacía.

Se le impone al letrado el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Edgar A. Lee Navas          Núm. TS-11,824

SENTENCIA

En San Juan, Puerto Rico, 28 de diciembre de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende al Lcdo. Edgar A. Lee Navas inmediata e indefinidamente del ejercicio de la abogacía.

Se le impone al letrado el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo