EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Juan M. Rodríguez Martínez <br> (TS-18,333) | 2018 TSPR 122 <br><br> 200 DPR ____ |

Número del Caso: AB-2017-109

Fecha: 19 de junio de 2018

Abogado de la parte promovida:

Por Derecho Propio

Oficina de Inspección de Notaría:

Lcdo. Manuel Ávila De Jesús
Director

Materia: La suspensión será efectiva el 5 de julio de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Juan M. Rodríguez Martínez          AB-2017-109
          (TS-18,333)

*PER CURIAM*

En San Juan, Puerto Rico, a 19 de junio de 2018.

En el día de hoy, una vez más, nos vemos obligados a suspender del ejercicio de la abogacía y la notaría a un miembro de la profesión legal que, en reiteradas ocasiones, ha incumplido con las órdenes de este Tribunal. Veamos.

I.

El licenciado Juan M. Rodríguez Martínez fue admitido al ejercicio de la abogacía el 8 de febrero de 2011 y prestó juramento como notario el 23 de mayo del mismo año. Posteriormente, el 19 de abril de 2017, el señor Félix Ortiz Montañez y la señora Virgenmina Ortiz Santiago (en adelante, "los

promoventes") presentaron una queja juramentada en contra del referido letrado. En la misma, en esencia, alegaron que el licenciado Rodríguez Martínez autorizó la Escritura Núm. 18 de Segregación y Ratificación de Compraventa y que se comprometió a presentar la misma en el Registro de la Propiedad, sección de Barranquitas, junto a todos los documentos necesarios para la inscripción de los negocios jurídicos incorporados en el instrumento público, cosa que no hizo. Manifestaron que intentaron comunicarse con el licenciado Rodríguez Martínez para indagar sobre el particular, pero las gestiones resultaron infructuosas. Asimismo, expresaron que buscaron orientación y encontraron que el instrumento público que motivó el presente proceso disciplinario, en su contenido, tenía varios errores relacionados con la procedencia del título de la parte vendedora, el número de lotificación y ciertas discrepancias en la cabida de la finca principal, lo que, a su juicio, requería una rectificación de cabida que, de no hacerse, impediría la inscripción de la mencionada escritura en el Registro de la Propiedad.

Enterado de la queja radicada en su contra, el letrado contestó la misma. En su contestación expresó que, previo a otorgar el instrumento público aquí en controversia, se percató de la discrepancia en la cabida de la finca objeto de la segregación y ratificación de compraventa, pero que uno de los comparecientes en la mencionada escritura pública lo convenció de continuar con el proceso notarial. Afirmó

que, luego de constatar que las personas otorgantes estaban conscientes de la posible diferencia en cabida y de que éstas le manifestaran que les resultaba innecesario realizar un estudio de título, consignó en el instrumento público las advertencias correspondientes respecto al estudio de título, así como a la diferencia de cabida, y un relevo de responsabilidad a esos efectos. Asimismo, aseguró que los promoventes del presente proceso disciplinario conocían sobre la posibilidad de que la presentación de la escritura pública en cuestión, en el Registro de la Propiedad, se dilatara por el tiempo que tardaría realizar la mencionada rectificación.

Evaluados los planteamientos de las partes, y luego de realizar la investigación correspondiente, el 30 de octubre de 2017 el Director de la Oficina de Inspección de Notarías (ODIN), Lcdo. Manuel E. Ávila de Jesús, nos remitió un *Informe* en el cual nos recomendó que le ordenáramos al licenciado Rodríguez Martínez que en un término de sesenta (60) días culminara, a sus expensas, los trámites para atender los reclamos de los promoventes y mantuviera informado al Tribunal sobre las gestiones que, a esos fines, realizara. Además, nos sugirió que apercibiéramos al referido letrado sobre su deber de, en ocasiones futuras, ceñirse al ordenamiento notarial y los postulados éticos que rigen la profesión.

Así las cosas, el 4 de diciembre de 2017 emitimos una *Resolución*, notificada el 5 de diciembre de 2017, mediante

la cual le concedimos al licenciado Rodríguez Martínez un término de veinte (20) días para que se expresase sobre el *Informe* presentado por la ODIN. Oportunamente, el 17 de diciembre de 2017, para ser específicos, el mencionado letrado compareció ante nos mediante un *Escrito sobre requerimiento del Tribunal Supremo*, en el que expresó no tener objeción con el referido *Informe*, ni con las recomendaciones incluidas en el mismo.

Siendo ello así, el 26 de enero de 2018 emitimos una *Resolución*, notificada el 30 de enero del mismo año, mediante la cual le ordenamos al licenciado Rodríguez Martínez que en un término de sesenta (60) días culminara, a sus expensas, los trámites para atender los reclamos de la parte promovente, de manera que se presentara ante el Registro de la Propiedad la escritura pública objeto del presente proceso disciplinario. En la referida *Resolución* se hizo constar, además, que una vez cumpliera con lo ordenado, se determinaría si se archivaba la queja presentada en su contra. No obstante, el licenciado Rodríguez Martínez incumplió con lo ordenado.

Tras el incumplimiento del referido letrado con nuestras órdenes, el 27 de abril de 2018 emitimos una segunda *Resolución*, notificada el 30 de abril del 2018, mediante la cual este Tribunal le concedió al letrado un **término final** de treinta (30) días para que cumpliera con lo ordenado y realizara las gestiones para presentar en el Registro de la Propiedad el instrumento público que se había

comprometido a presentar ante dicha dependencia gubernamental y no lo hizo, asunto que motivó la presentación de la queja en su contra. Además, se le apercibió a éste que, de no cumplir con lo ordenado, se exponía a la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la abogacía y la notaría. Una vez más, el letrado hizo caso omiso a nuestras órdenes.

Es, pues, a la luz del trámite procesal antes expuesto, que procedemos a disponer del asunto disciplinario que nos ocupa.

II.

Como es sabido, el Código de Ética Profesional, 4 LPRA Ap. IX, contiene las normas de conducta que regulan a todos los miembros de la profesión legal en Puerto Rico. Este ordenamiento deontológico tiene como propósito principal que los abogados y las abogadas se desempeñen, profesionalmente y personalmente, de acuerdo con los más altos estándares de conducta decorosa para beneficio de la ciudadanía, de la profesión y de las instituciones de justicia. *In re Franco Rivera*, 197 DPR 628 (2017); *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Irizarry Irizarry*, 190 DPR 368 (2014); *In re Asencio Márquez*, 183 DPR 659 (2011); *In re Pujol Thompson*, 171 DPR 683 (2007).

Cónsono con lo anterior, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, requiere que todo abogado y abogada observe "para con los tribunales una conducta que

se caracterice por el mayor respeto". *In re Rivera Burgos*, 2018 TSPR 79, pág. 6, 200 DPR ___ (2018); *In re Lee Navas*, 2017 TSPR 208, 198 DPR ___ (2017); *In re Cruz Liciaga*, 198 DPR 828, 835 (2017); *In re López Méndez,* 196 DPR 956 (2016); *In re Montalvo Delgado,* 196 DPR 541 (2016); *In re Torres Rodríguez,* 188 DPR 304 (2013). Así pues, al delimitar el alcance de la mencionada disposición deontológica, hemos reiterado el deber que el Canon 9, *supra*, le impone a todo abogado y abogada de comparecer a los señalamientos notificados por el tribunal, así como el de responder diligentemente a cualquier requerimiento u orden emitida por los foros judiciales. *In re Rivera Navarro,* 193 DPR 303 (2015); *In re Irizarry Irizarry,* 190 DPR 368 (2015); *In re Nieves Nieves,* 181 DPR 25 (2011). *Véase,* además, *In re Otero Fernández,* 145 DPR 582 (1998).

La desatención y el incumplimiento con las antedichas órdenes judiciales constituyen un serio agravio a la autoridad de los tribunales y, en consecuencia, una infracción al Canon 9 del Código de Ética Profesional, *supra*. *In re Pratts Barbarossa*, 2018 TSPR 5, 199 DPR ___ (2018); *In re López Méndez, supra; In re García Incera*, 177 DPR 329 (2010); *In re Maldonado Rivera*, 147 DPR 380 (1999). **Cuando ello ocurre, procede la suspensión del abogado o abogada del ejercicio de la profesión**. *In re Lee Navas*, 2017 TSPR 208, 198 DPR ___ (2017); *In re Grau Collazo*, 185 DPR 938, 944 (2012); *In re Rosario Martínez*, 184 DPR 494 (2012); *Galarza Rodríguez*, 183 DPR 228 (2011).

## III.

Como ha quedado claramente establecido, en el presente caso, el licenciado Rodríguez Martínez ha incumplido con las órdenes de este Tribunal. Ello, a pesar del tiempo que este Tribunal le concedió para que cumpliera con lo ordenado y encaminara los procesos para lograr la inscripción en el Registro de la Propiedad del documento público que se había comprometido a presentar ante dicha dependencia gubernamental y que no hizo, lo que motivó la queja que se presentó en su contra.

La conducta desplegada por el licenciado Rodríguez Martínez, sin lugar a dudas, refleja una total falta de interés en continuar ejerciendo la profesión legal. Procede, pues, su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.

## IV.

Por los fundamentos antes expuestos, se suspende al licenciado Rodríguez Martínez inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente su suspensión a los foros judiciales y administrativos donde tenga asuntos pendientes. De igual forma, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo

anterior, dentro del término de treinta (30) días a partir de la notificación de ésta Opinión *Per Curiam* y Sentencia.

La fianza notarial del señor Rodríguez Martínez queda automáticamente cancelada; esta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el señor Rodríguez Martínez durante el periodo en que la misma estuvo presente. Finalmente, el Alguacil de este Tribunal debe incautar la obra y sello notarial del señor Rodríguez Martínez y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*
Juan M. Rodríguez Martínez
    (TS-18,333)

Núm. AB-2017-109

SENTENCIA

En San Juan, Puerto Rico, a 19 de junio de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende al licenciado Rodríguez Martínez inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente su suspensión a los foros judiciales y administrativos donde tenga asuntos pendientes. De igual forma, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de ésta Opinión *Per Curiam* y Sentencia.

La fianza notarial del señor Rodríguez Martínez queda automáticamente cancelada; esta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el señor Rodríguez Martínez durante el periodo en que la misma estuvo presente. Finalmente, el Alguacil de este Tribunal debe incautar la obra y sello notarial

del señor Rodríguez Martínez y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.


                          Juan Ernesto Dávila Rivera
                       Secretario del Tribunal Supremo