EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                     | 2018 TSPR 132   |
|                            |                 |
| Héctor J. Bonilla Calero   | 200 DPR ____    |

Número del Caso:  TS-14,386

Fecha: 29 de junio de 2018

Abogado de la parte promovida:

Por derecho propio

Programa de Educación Jurídica Continua:

Lcdo. José Ignacio Campos Pérez
Director

Materia:  La suspensión será efectiva el 27 de julio de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re*: | | Conducta |
| Héctor J. Bonilla Calero | TS-14,386 | Profesional |

**PER CURIAM**

En San Juan, Puerto Rico, a 29 de junio de 2018.

Por los antecedentes fácticos que esbozamos a continuación, nos vemos precisados a ejercer nuestra facultad disciplinaria contra un abogado por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) y con las órdenes de este Tribunal. En consecuencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Héctor J. Bonilla Calero.

**I**

El Lcdo. Héctor J. Bonilla Calero (licenciado Bonilla Calero) fue admitido al ejercicio de la abogacía el 23 de enero de 2003.

Según surge del expediente personal del letrado, el 24 de mayo de 2011, el PEJC envió al licenciado Bonilla Calero un *Aviso de Incumplimiento* en el que informó que tenía incumplidos los créditos requeridos por el *Reglamento del Programa de Educación Jurídica Continua,* según enmendado, 4 LPRA Ap. XVII-E, para el periodo del 1 de abril de 2009 al 31 de marzo de 2011. En esa comunicación le otorgó, entre otras alternativas, un término de sesenta días adicionales para tomar los cursos necesarios y pagar la multa por cumplimiento tardío, a tenor con la Regla 30 (C) del Reglamento del PEJC.

Transcurrido un término prudente para el cumplimiento, el PEJC citó al licenciado a una vista informal ante un Oficial Examinador a celebrarse el 30 de enero de 2014 para que pudiera exponer las razones que justificaban su incumplimiento. El licenciado Bonilla Calero compareció a la vista informal señalada. En resumen, se comprometió a subsanar la deficiencia, a presentar evidencia de los cursos tomados y pagar la multa por cumplimiento tardío. Reconoció que su incumplimiento podría conllevar que el asunto se presentara ante la Junta sin ulteriores trámites y ser referido ante esta Curia. Para ello, solicitó una prórroga la cual fue concedida.

El 11 de diciembre de 2015 se notificó por correo electrónico el Informe del Oficial Examinador y la determinación de la entonces Directora del PEJC, la

Hon. Geisa M. Marrero Martínez, respecto a la vista celebrada. Se le advirtió que de no subsanar la insuficiencia de créditos y realizar el pago por cumplimiento tardío, se referiría a este Tribunal el asunto objeto de la vista. También se le apercibió que de referirse su caso por incumplimiento con dicho periodo se informaría a esta Curia los periodos posteriores incumplidos. No obstante, el licenciado Bonilla Calero incumplió con su obligación de subsanar la insuficiencia de créditos y el pago de la multa por cumplimiento tardío correspondiente.

El 9 de marzo de 2017 el Director del PEJC presentó un *Informe sobre incumplimiento con [el] requisito de Educación Jurídica Continua* refiriendo el asunto a nuestra atención. En este detalló que el licenciado Bonilla Calero incumplió con los requisitos reglamentarios referentes al período del 1 de abril de 2009 al 31 de marzo de 2011.

Surge del mismo informe que tampoco cumplió con los requisitos del Programa para los periodos del 1 de abril de 2011 al 31 de marzo de 2013 y del 1 de abril de 2013 al 31 de marzo de 2015, para los cuales se le notificó los avisos de incumplimiento correspondientes. El abogado tampoco ha efectuado el pago de la multa por incumplimiento tardío correspondiente a estos periodos.[1]

---

[1] Es preciso señalar, que para estos últimos periodos no ha sido citado a una vista informal.

Transcurrido el término concedido sin que el licenciado Bonilla Calero compareciera por escrito o subsanara las faltas señaladas por el PEJC, el 26 de abril de 2017 emitimos una *Resolución* mediante la cual concedimos al letrado un término de veinte días, contados a partir de la notificación, para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.

El 11 de mayo de 2017 el abogado compareció mediante *Moción en cumplimiento de orden*. Alegó que su incomparecencia se debía a que se había trasladado a varios estados en Estados Unidos. Incluyó una certificación del Congreso de Derecho de Puerto Rico como prueba de haber tomado unas serie de cursos. Sin embargo, no incluyó la certificación de cumplimiento emitida por el PEJC. Por ello, el 31 de mayo de 2017, emitimos *una Resolución* en la que concedimos treinta días para presentar la referida certificación.

En vista de que este no dio cumplimiento a nuestra orden, mediante *Resolución* del 29 de diciembre de 2017, concedimos un término final de diez días para cumplir con lo ordenado. Le apercibimos que su incumplimiento podría conllevar severas sanciones incluyendo la suspensión del ejercicio de la profesión. Esta resolución se diligenció el 10 de enero de 2018, a través de un alguacil de este

Tribunal y fue recibida por el licenciado Bonilla Calero. Al momento el letrado no ha comparecido ni ha dado cumplimiento con lo ordenado.

## II

El Código de Ética Profesional, 4 LPRA Ap. IX, tiene el propósito de "promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa […]".[2] Con ese norte, al prestar juramento para ejercer la abogacía, los togados "se comprometen a obedecer, con lealtad y fidelidad, aquellos deberes y responsabilidades que les impone la ley y el Código de Ética Profesional".[3]

En innumerables ocasiones hemos expresado que el ejercicio de la profesión jurídica requiere que todo abogado y abogada observe rigurosamente los requerimientos de este Tribunal.[4] Este mandato ético se encuentra establecido, particularmente, en el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. Específicamente, este precepto ético obliga a los abogados y a las abogadas a "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[5] Como funcionarios del tribunal, éstos tienen la obligación de atender y obedecer

---

[2] *In re Alberty Oms*, 2018 TSPR 51, 199 DPR ___ (2018); *In re Espino Valcárcel*, 2018 TSPR 30, 199 DPR ___ (2018).
[3] *In re González López*, 2018 TSPR 28, 199 DPR ___ (2018).
[4] *In re Lee Navas,* 2017 TSPR 208, 198 DPR __ (2017).
[5] *In re Lee Navas*, *supra*; *In re Abreu Figueroa,* 2017 TSPR 126, 198 DPR __ (2017); *In re Mangual Acevedo*, 197 DPR 998 (2017); *In re Marín Serrano*, 197 DPR 535 (2017).

tanto las órdenes de este Tribunal como las de cualquier foro al que se encuentren obligados a comparecer.[6]

En ese sentido, los abogados y las abogadas que ignoran nuestras órdenes y muestran indiferencia ante nuestros apercibimientos sobre sanciones disciplinarias, se exponen a una separación inmediata e indefinida de la profesión.[7] Según hemos sostenido en innumerables ocasiones y esta ocasión no será la excepción: "este Tribunal no ha de tomar livianamente el que un abogado asuma una actitud de indiferencia y menosprecio hacia nuestra autoridad".[8] Como consecuencia, nos hemos visto obligados a suspender indefinidamente a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua requerida.

### III

Según hemos expuesto, el licenciado Bonilla Calero no respondió con diligencia nuestros requerimientos y se mostró indiferente ante los apercibimientos de sanciones disciplinarias. La actitud pasiva del abogado demuestra su dejadez hacia sus responsabilidades como miembro activo de la profesión jurídica y su indiferencia al desatender las órdenes judiciales constituye una afrenta a nuestra autoridad. Ello, conlleva una infracción al Canon 9 del Código de Ética profesional, *supra*.

---

[6] *In re Marín Serrano*, *supra*, pág. 539.
[7] *In re Muriente Colón,* 2018 TSPR 41, 199 DPR __ (2018); *In re Colón Cordovés*, 195 DPR 543, 547 (2016).
[8] *In re Soto Rivera*, 198 DPR 421 (2017); *In re Santaliz Martell*, 194 DPR 911, 914 (2016); *In re Dávila Toro*, 193 DPR 159, 164 (2015).

## IV

De conformidad con el derecho aplicable, así como por la conducta exhibida por el Lcdo. Héctor J. Bonilla Calero, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. Como consecuencia, deberá notificar de forma inmediata a todos sus clientes de su inhabilidad para continuar representándolos. De igual forma, se le ordena devolverles los expedientes de casos pendientes y cualquier cantidad recibida en honorarios por trabajos no realizados.

Asimismo tiene la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior, en un término de treinta días contados a partir de la notificación de esta Opinión *per curiam* y Sentencia.

Notifíquese inmediatamente al señor Bonilla Calero esta Opinión *per curiam* y *Sentencia*.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In Re;*<br><br>Héctor J. Bonilla Calero | TS-14,386 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de junio de 2018.

Por los fundamentos expuestos en la Opinión *per curiam* que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos indefinidamente de la práctica de la abogacía al Lcdo. Héctor J. Bonilla Calero.

Como consecuencia, deberá notificar de forma inmediata a todos sus clientes de su inhabilidad para continuar representándolos. De igual forma, se le ordena devolverles los expedientes de casos pendientes y cualquier cantidad recibida en honorarios por trabajos no realizados.

Asimismo, tiene la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior, en un término de treinta días contados a partir de la notificación de esta Opinión *per curiam* y Sentencia.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo